UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

   v.                                                      Case No. 22-CR-28

RAYMON A. FULLER, JR.,

          Defendant.

## PLEA AGREEMENT

      1.      The United States of America, by its attorneys, Richard G. Frohling, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Raymon A. Fuller, Jr., individually and by attorney Krista Halla-Valdes, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

      2.      The defendant has been charged in a three-count indictment, which alleges violations of Title 18, United States Code, Sections 1951(a), 924(c)(1)(A)(ii), 922(g)(1), and 924(a)(2).

      3.      The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about August 28, 2020, in the State and Eastern District of Wisconsin,

**RAYMON A. FULLER, JR.**

did unlawfully obstruct, delay, and affect commerce by robbery, in that the defendant did unlawfully take and obtain articles and commodities in interstate commerce, that is drugs and personal property from at least one individual by means of actual and threatened force, violence, and fear of injury to a person.

In violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 28, 2020, in the State and Eastern District of Wisconsin,

**RAYMON A. FULLER, JR.**

knowingly used, carried, and brandished a firearm during and in relation to a crime of violence, namely robbery as charged in Count One of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On August 28, 2020, in Oshkosh, State and Eastern District of Wisconsin, Raymon Fuller and an associate met up with several individuals in a parked vehicle for the purpose of obtaining marijuana and ecstasy pills. During this drug transaction, Raymon Fuller used and brandished a Glock 19 firearm with a 30 round extended magazine and demanded the drugs, a small amount of money, and one individual's wallet. The defendant and his co-actor then fled the scene. The robbery was captured on video by a bystander.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

6. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: Count One, 20 years and $250,000; and Count Two, up to a lifetime of imprisonment and $250,000. Count Two carries a mandatory minimum of 7 years of imprisonment which must be served consecutive to any other sentence. Each count also carries a mandatory special assessment of $100. Count One carries a maximum of 3 years of supervised release. Count Two carries a maximum of 5 years on supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNT

8. The government agrees to move to dismiss Count Three of the indictment at the time of sentencing.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of robbery as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

<u>First</u>, the defendant knowingly obtained or attempted to obtain money or property from or in the presence of a person;

<u>Second</u>, the defendant did so by means of robbery;

<u>Third</u>, the defendant believed that the person parted or would part with the money or property because of the robbery; and

<u>Fourth</u>, the robbery affected interstate commerce.

The parties understand and agree that in order to sustain the charge of brandishing a firearm during a crime of violence as set forth in Count Two, the government must prove each of the following propositions beyond a reasonable doubt:

<u>First</u>, the defendant committed the crime charged in Count One of the indictment; and

<u>Second</u>, the defendant knowingly used, carried, or brandished a firearm during that crime.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

16. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 20 under Sentencing Guidelines Manual § 2B3.1(a). The base offense level for the offense charged in Count Two is 7 years' imprisonment under Sentencing Guidelines Manual § 2K2.4(b).

## Specific Offense Characteristics

17. The parties further acknowledge and understand that the government will recommend to the sentencing court that a one-level increase applies to the base offense level for the offense charged in Count One under sentencing Guidelines Manual § 2K2.4(b)(6) because a controlled substance was taken.

## Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21. As to Count One, the government agrees to recommend a sentence of 366 days incarceration. On Count Two the government agrees to recommend 84 months' imprisonment the mandatory minimum for this offense, which must run consecutive to any other sentence. Further, the government agrees to refrain from issuing charges related to the possession of a firearm by the defendant on June 29, 2021 at 4301 West Wisconsin Avenue, Appleton, Wisconsin, or based on anything contained in the discovery and known to the parties as of the execution of this agreement.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

### Special Assessment

25. The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing.

### Restitution

26. The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offense in Count One is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## DEFENDANT'S WAIVER OF RIGHTS

27. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may

question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## GENERAL MATTERS

31. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

32. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

33. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed.

10

The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

34. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

35. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5/12/2022

RAYMON A. FULLER, JR.
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5/12/22

KRISTA HALLA-VALDES
Attorney for Defendant

For the United States of America:

Date: 5/12/2022

RICHARD G. FROHLING
United States Attorney

Date: 5/12/2022

DANIEL R. HUMBLE
Assistant United States Attorney

13