```
                  UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF WISCONSIN
                        GREEN BAY DIVISION
_____

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )   Case No. 22-CR-28
                                   )
     v.                            )   Green Bay, WI
                                   )
RAYMON A. FULLER, JR.,             )   May 17, 2022
                                   )   9:29 a.m.
                    Defendant.     )
_____
```

### TRANSCRIPT OF CHANGE OF PLEA HEARING
### BEFORE THE HONORABLE WILLIAM C. GRIESBACH
### UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff
UNITED STATES OF AMERICA:      United States Dept. of Justice
                               (ED-WI)
                               By:  MR. DANIEL R. HUMBLE
                               Office of the US Attorney
                               205 Doty Street, Ste. 301
                               Green Bay, WI  54301
                               Ph:  920-884-1066
                               daniel.humble@usdoj.gov

For the Defendant              Federal Defender Services of
RAYMON A. FULLER:              Wisconsin
                               By:  MS. KRISTA HALLA-VALDES
                               801 E. Walnut Street, 2nd Floor
                               Green Bay, WI  54301
                               Ph:  920-430-9900
                               krista_halla-valdes@fd.org

U.S. Official Transcriber:  JENNIFER L. STAKE, RDR, CRR
Proceedings recorded by electronic recording, transcript
produced by computer-aided transcription.

| | |
|---|---|
| 1 | TRANSCRIPT OF PROCEEDINGS |
| 2 | (Transcribed from audio recording.) |

3  THE CLERK: The Court calls Case No. 22-CR-28, United
4  States of America versus Raymon A. Fuller, for a change of plea
5  hearing. May I have the appearances, please.
6  MR. HUMBLE: Dan Humble for the Government. Good
7  morning, your Honor.
8  THE COURT: Good morning.
9  MS. HALLA-VALDES: Good morning, Judge. Krista
10  Halla-Valdes on behalf of Mr. Fuller, and he is present.
11  THE COURT: Good morning.
12  MR. KOEHLER: Good morning, your Honor. Brian Koehler
13  on behalf of probation.
14  THE COURT: All right. Well, good morning, all.
15  So I have before me the written plea agreement. It appears
16  to bear the signatures of counsel and Mr. Fuller. And as I
17  understand it, Mr. Fuller will be entering pleas of guilty to
18  the charges of robbery and then brandishing of a firearm in
19  relation to a crime of violence.
20  Let's see. Is the Government arguing for a guideline
21  sentence?
22  MR. HUMBLE: Judge, on Count 1, we're going to be
23  asking for 366 days.
24  THE COURT: Uh-huh.
25  MR. HUMBLE: Obviously the mandatory minimum on Count

```
 1  2.  And then we received a recent referral for a felon in
 2  possession of a firearm charge from June 29th of 2021, an
 3  incident on that date.  We are agreeing not to prosecute Mr.
 4  Fuller for that conduct as well as part of the agreement.
 5          THE COURT:  Okay.  And defense free to argue?
 6          MR. HUMBLE:  Yes.
 7          THE COURT:  All right.  Anything else specific or
 8  unique to this agreement that I should emphasize?
 9          MS. HALLA-VALDES:  No, Judge.
10          MR. HUMBLE:  I don't believe so.
11          THE COURT:  Okay.  And I take it, Ms. Halla-Valdes,
12  that that is your signature and that of your client on the plea
13  agreement?
14          MS. HALLA-VALDES:  It is, Judge.
15          THE COURT:  Did you go over the plea agreement itself
16  as well as the applicable law, the discovery materials, and the
17  guidelines with your client before he signed it?
18          MS. HALLA-VALDES:  Yes, Judge, we did.
19          THE COURT:  Are you satisfied from your conversations
20  with your client that should he proceed to enter guilty pleas
21  to these two charges today, those will be knowing and voluntary
22  decisions on his part?
23          MS. HALLA-VALDES:  Yes, Judge.
24          THE COURT:  Mr. Fuller, you've heard what your
25  attorney has told me.  Is it your intention now to waive your
```

1  rights and enter pleas of guilty to these two counts?

2  THE DEFENDANT: Yes, your Honor.

3  THE COURT: Please stand, raise your right hand. The
4  clerk will administer the oath before I ask you anything
5  further.

6  (The defendant is sworn.)

7  THE CLERK: Thank you.

8  THE COURT: Okay. You can be seated, then. Mr.
9  Fuller, the rules that govern the proceedings in federal court
10 require that anyone who enters a plea of guilty to a federal
11 crime first has to be placed under oath. The reason we place
12 you under oath is to create a legal obligation for you to tell
13 the truth. So you should understand now that you're under oath
14 you're subject to penalties for perjury or false swearing if
15 you fail to tell the truth. Do you understand that?

16 THE DEFENDANT: Yes, your Honor.

17 THE COURT: And the other thing you should understand
18 right at the outset is you don't have to enter a plea of guilty
19 to these counts or any charges. You could go to trial on the
20 charges in the indictment. The purpose of the hearing we're
21 having today is to make sure that if you do enter guilty pleas,
22 those are the result of a knowing and a voluntary decision on
23 your part. In other words, it's not your attorney's decision,
24 it's certainly not the Government's decision, or a family
25 decision. It has to be yours. Do you understand that as well?

1     THE DEFENDANT:  Yes, your Honor.
2     THE COURT:  For the record, then, please tell me your
3  name.
4     THE DEFENDANT:  Raymon Fuller.
5     THE COURT:  How old are you, Mr. Fuller?
6     THE DEFENDANT:  26 years old.
7     THE COURT:  Where did you grow up?
8     THE DEFENDANT:  Chicago, Illinois.
9     THE COURT:  How far did you go in school?
10    THE DEFENDANT:  High school diploma.
11    THE COURT:  Have you ever been diagnosed as having any
12 kind of mental illness?
13    THE DEFENDANT:  No, your Honor.
14    THE COURT:  What kinds of employment have you had as
15 an adult?  What kinds of jobs have you done?
16    THE DEFENDANT:  I had multiple jobs along from cooks
17 to delivery drivers to factory jobs.
18    THE COURT:  Okay.  So you've done at lot of manual
19 labor, but you've done cooking?
20    THE DEFENDANT:  Yeah.
21    THE COURT:  Factory jobs?
22    THE DEFENDANT:  Yes.
23    THE COURT:  And delivery things?  Okay.  Are you
24 married?
25    THE DEFENDANT:  No, your Honor.

1 THE COURT: Okay. Before you -- did you sign the plea
2 agreement?
3 THE DEFENDANT: Yes, your Honor.
4 THE COURT: Before signing it, did you go over with
5 your attorney all of the provisions of the plea agreement?
6 THE DEFENDANT: Yes, your Honor.
7 THE COURT: And did you have enough time to talk with
8 her about your case, plea agreement, the guidelines, things
9 like that?
10 THE DEFENDANT: Yes, your Honor.
11 THE COURT: Are you satisfied with the representation
12 she has provided you up until now?
13 THE DEFENDANT: Yes, your Honor.
14 THE COURT: As you sit here today, are you under the
15 influence of anything? And by "anything," I mean alcohol,
16 drugs, medications, anything at all that would interfere with
17 your ability to understand these proceedings or to make a
18 decision.
19 THE DEFENDANT: No, your Honor.
20 THE COURT: Okay. We'll go over some of the
21 provisions of the plea agreement to make sure the record we're
22 making today reflects the fact that you understand it. And I'm
23 going to begin with elements or the pieces that make up the
24 crimes you're pleading guilty to. They're listed in Paragraph
25 9 on Page 4 if you want to read along.

1     And, Mr. Fuller, I emphasize the elements because this
2  tells you exactly what the Government would have to prove in
3  order for you to be found guilty if the case were to go to
4  trial.  The Government would have to prove each of -- each of
5  the elements beyond a reasonable doubt.
6     Now, as to the charge of the robbery or Hobbs Act robbery,
7  the Government would have to prove the following:  First, that
8  you knowingly obtained or attempted to obtain money or property
9  from the person of -- presence of a person; second, that you
10 did so by means of robbery, which really means you did so by
11 means of force, the threat of force; third, you did -- you
12 believed that the person parted or would part with the money
13 because of the robbery, the threat of force or use of force;
14 and, fourth, that the robbery affected interstate commerce.
15 Those are the elements or the pieces that make up the crime of
16 robbery.  Any questions about those things?
17         THE DEFENDANT:  No, your Honor.
18         THE COURT:  It's a very strange statement of the
19 elements.  It uses the term "robbery," and I -- is that really
20 our jury instructions?  That is weird.
21         MS. HALLA-VALDES:  Yes.
22         MR. HUMBLE:  That's where I got them, the standard.
23         THE COURT:  Yeah.  Boy, sometimes I -- I don't --
24 maybe the federal government shouldn't be involved in
25 robberies, you know.

```
1                MS. HALLA-VALDES:  Yeah.
2                THE COURT:  But I understand the affecting commerce.
3    I was surprised that this kind of a robbery would fall under
4    the Hobbs Act, but I see the Supreme Court has seen and
5    pronounced this as a Hobbs Act robbery.
6                MS. HALLA-VALDES:  Correct.
7                THE COURT:  Yeah.  The second charge or Count 2 is
8    brandishing a firearm in -- during a crime of violence.  And to
9    prove that, the Government would have to prove, first, that you
10   committed the crime charged in Count 1 of the indictment, in
11   other words, you committed a robbery; and, secondly, that you
12   did so knowing -- that you knowingly used, carried, or
13   brandished a firearm during that crime.  So those are the
14   elements that make up these two crimes.  In state court, we
15   would call this an armed robbery.  In federal court, we call it
16   robbery and then brandishing a firearm.  Any questions about
17   that?
18               THE DEFENDANT:  No, your Honor.
19               THE COURT:  Okay.  Now, Mr. Fuller, if you proceed to
20   enter -- or let me go over penalties for this crime.  The
21   penalties are listed in Paragraph 6.  It's on Page 3.  The
22   maximum penalty for Count 1, the charge of robbery, is 20
23   years.  The maximum fine is $250,000.  Count 2 carries up to
24   lifetime of imprisonment, but there's a mandatory minimum term
25   of seven years of imprisonment which has to be consecutive to
```

1  any other sentence.  So in other words, the lowest sentence you
2  can possibly receive is seven years, and that's assuming you
3  got nothing on the -- on Count 1.  And here the Government is
4  arguing for a year and a day on Count 1 and arguing for the
5  seven year mandatory minimum on Count 2.
6      But in any event, each count also carries a mandatory
7  special assessment of $100.  And Count 1 carries up to three
8  years of supervised release.  Count 2 carries a maximum of five
9  years on supervised release.  Supervised release is like
10 extended supervision in the state system or what we used to
11 call parole.  The person is released from prison.  They're
12 under supervision of the Court.  They violate conditions of
13 supervision, they can be revoked and returned to prison.
14     In addition, the Court could order restitution for any
15 losses that were shown to have been caused by the crime.
16     But in any event, these are the penalties.  What I would
17 emphasize is the mandatory minimum seven years.  Any questions
18 about those things, Mr. Fuller?
19            THE DEFENDANT:  No, your Honor.
20            THE COURT:  Okay.  And you understand the Government
21 will be moving for dismissal of count -- of the other count.
22 It will not charge the third referral that they talked about.
23 I guess that's a -- another possession of firearm by felon?
24            MR. HUMBLE:  It is.
25            THE COURT:  And then in addition, the Government has

1 committed as part of the plea agreement to make a particular --
2 to cap its recommendation at the mandatory minimum on Count 2,
3 the seven years, and on Count 1, 366 days, so a year and a day.
4 Is that your understanding of the plea agreement?
5     THE DEFENDANT: Yes, your Honor.
6     THE COURT: Okay. I'd just note that keep in mind I'm
7 not bound by the Government's recommendation. I listen closely
8 to the recommendations of both parties, but I'm not bound by
9 their recommendation. You understand that?
10     THE DEFENDANT: Yes, your Honor.
11     THE COURT: Now, if you proceed to enter a plea of
12 guilty today, Mr. Fuller, and if I accept that plea, I'm going
13 find you guilty today. That means there's going to be no
14 trial. You understand that, of course; right?
15     THE DEFENDANT: Yes, your Honor.
16     THE COURT: The next hearing we have would be the
17 sentencing hearing. The first thing I do at the sentencing
18 hearing is I determine what the sentence range is for someone
19 in your position under the United States Sentencing Guidelines.
20 And some of the provisions of the plea agreement talked about
21 the guidelines and how they apply in your case. Have you
22 discussed the guidelines and how they apply with your attorney?
23     THE DEFENDANT: Yes, your Honor.
24     THE COURT: And, Mr. Humble, what's the Government's
25 estimate as to the guidelines?

1          MR. HUMBLE:  With regard to the Count 1, the robbery,
2     I had 46 to 57 months.
3          THE COURT:  Okay.
4          MR. HUMBLE:  And obviously the mandatory minimum is
5     the guideline on Count 2.
6          THE COURT:  Right.  And is that consistent with what
7     you've looked at, Ms. Halla-Valdes?
8          MS. HALLA-VALDES:  Judge, I had one level lower, but
9     right in that range.
10         THE COURT:  Okay.  And the guidelines aren't playing a
11    big role here because the Government's even recommending
12    significantly less.  They're recommending a year and a day.
13    But do you understand the guidelines and how they work, Mr.
14    Fuller?
15         THE DEFENDANT:  Yes, your Honor.
16         THE COURT:  So -- and you understand I'm not bound by
17    the guidelines.  I'm free to impose a sentence above or below
18    the guidelines as long as I give the reasons for doing that.
19    Do you understand that as well?
20         THE DEFENDANT:  Yes, your Honor.
21         THE COURT:  And you understand ultimately it's my
22    responsibility to determine what the guideline range is.
23    Sometimes that will be different than what the attorneys
24    recommend.  That's not grounds to withdraw your plea.  Do you
25    understand that as well?

1     THE DEFENDANT:  Yes, your Honor.
2     THE COURT:  Okay.  Then by entering a plea of guilty,
3  you're giving up or waiving your right to a jury trial and the
4  rights that go with a jury trial.  Mr. Fuller, do you
5  understand what a jury trial is?
6     THE DEFENDANT:  Yes, your Honor.
7     THE COURT:  And can you tell me in your own words,
8  give me a brief explanation of what a jury trial is.
9     THE DEFENDANT:  When 12 jurors decide from the
10 evidence if I'm guilty or not.
11    THE COURT:  Right.  Really what they decide is whether
12 the Government has proven your guilt beyond a reasonable doubt.
13 But, yeah, a jury trial is the procedure that we use to resolve
14 the cases where the parties don't reach agreement.  A jury
15 consists of 12 citizens drawn from the district.  Throughout a
16 trial, you are in court.  You have a continued right to the
17 assistance of counsel, including when we select the jury.  And
18 in a case like this, we summons in close to 50 people.  And
19 from that larger number, we qualify a certain number by asking
20 them questions to make sure they're going to be fair and
21 impartial.
22   Once we qualify the required number of jurors, a list with
23 their names on it gets passed back and forth between the two
24 attorneys.  They take strikes to get down to the 12 that we
25 then seat in this jury box.  The Government then would try to

prove its case by calling witnesses who testify under oath from the witness stand over here. Again, you're in court, so you can watch them testify. Through your attorney, you can cross-examine them. That's what we call your right to confront the evidence again -- or the witnesses against you.

You would also have a right after the Government has completed its case to put on a defense. You don't have to put on a defense because it is the Government's burden to prove guilt beyond a reasonable doubt. And if the Government fails to do so, then you won't be found guilty. But if you choose to, you can call witnesses. If there are witnesses whose testimony you wish to introduce that don't want to come to court, you can get a court order or a subpoena that compels them to come so you can present that testimony.

And then you would also have the right, of course, to testify on your own behalf. You could take the oath as you did earlier today, tell the jury your side of the story, and have them consider that in deciding whether the Government had proven your guilt beyond a reasonable doubt. On the other hand, you don't have to testify. And if you chose not to testify, I'd tell the jury that's your right. They can't hold it against you or treat it as evidence in any way.

And then after all the evidence was in, I'd instruct the jury on the elements of the offense. I'd tell them what they have to find in order to find you guilty, but I'd also tell the

1   jury that you're presumed to be not guilty.  And they may not
2   return a verdict of guilty unless all 12 of them unanimously
3   agree that the Government has proven your guilt beyond a
4   reasonable doubt.
5       So those are the rights you're giving up.  Do you have any
6   questions about them?
7               THE DEFENDANT:  No, your Honor.
8               THE COURT:  Has anyone made any promises to you, other
9   than the promises that are set forth in writing in the plea
10  agreement, to get you to waive your right -- rights and enter a
11  plea of guilty to these two counts?
12              THE DEFENDANT:  No, your Honor.
13              THE COURT:  Has anyone made any threats against you or
14  anyone else to get you to do so?
15              THE DEFENDANT:  No, your Honor.
16              THE COURT:  Are you pleading guilty to these offenses
17  then, Mr. Fuller, because you are guilty of these offenses?
18              THE DEFENDANT:  Yes, your Honor.
19              THE COURT:  Mr. Humble, any other area of inquiry you
20  think I should go into before I ask Mr. Fuller for his pleas?
21              MR. HUMBLE:  No, your Honor.
22              THE COURT:  Ms. Halla-Valdes?
23              MS. HALLA-VALDES:  No, Judge.
24              THE COURT:  Mr. Fuller, then, please tell me out loud
25  and for the record, what is your plea to the charge of robbery

1  in Count 1 on August 28th, 2020, as set forth in the
2  information or the addendum?
3         THE DEFENDANT:  Guilty.
4         THE COURT:  And Count 2, brandishing a firearm?
5         THE DEFENDANT:  Guilty.
6         THE COURT:  In order to accept your plea, I not only
7  have to make sure that it's entered knowingly and voluntarily,
8  Mr. Fuller, but I also have to make sure there's a factual
9  basis for it.  And the Government has offered as a factual
10 basis a summary of the evidence it believes it would be able to
11 introduce if this case went to trial.  That's set forth in
12 Paragraph 5 that's on Pages 2 and 3 of the plea agreement.  Do
13 you have any objection to my relying upon the Government's
14 summary of evidence here for the purpose of accepting your plea
15 today?
16        THE DEFENDANT:  No, your Honor.
17        THE COURT:  That's essentially a true statement of the
18 evidence?
19        THE DEFENDANT:  Yes.
20        THE COURT:  Okay.  I'm satisfied, then, and I find the
21 pleas of guilty by Mr. Fuller are entered knowingly and
22 voluntarily.  He understands the elements of each offense, the
23 maximum and mandatory minimum penalties involved.  He
24 understands the application of the guidelines and the rights
25 he's giving up by entering pleas of guilty.  He's freely and

voluntarily waived those rights and likewise freely and voluntarily entered his pleas of guilty, and there's a factual basis set forth on the record that supports the pleas. So I accept the pleas of guilty, and I find the defendant, Raymon A. Fuller, Jr., guilty of robbery as charged in Count 1 and brandishing or carrying a firearm in relation to a crime of violence as charged in Count 2.

He stands convicted of those offenses on this 17th day of May, 2022, and we'll schedule this matter for sentencing. I'm going to ask to place it on the calendar the week of August 22nd.

How about August 22nd at 1:30 in the afternoon?

MR. HUMBLE: That's fine with the Government.

MS. HALLA-VALDES: And that works for us as well, Judge. Thank you.

THE COURT: Okay. And as usual, if the presentence is available earlier and you want to move it up, you can contact the clerk.

Anything else we should address today?

MS. HALLA-VALDES: No, Judge.

MR. HUMBLE: Not from the Government.

THE COURT: All right. Thank you. Then this matter is concluded.

(At 9:46 a.m. the hearing ended.)

```
 1                       C E R T I F I C A T E

 2

 3                    I, JENNIFER L. STAKE, RDR, CRR, an Official

 4   Court Reporter for the United States District Court for the

 5   Eastern District of Wisconsin, do hereby certify that the

 6   foregoing is a true and correct transcription of the audio file

 7   provided in the aforementioned matter to the best of my skill

 8   and ability.

 9

10

11   Dated this 20th day of September, 2023.

12   Milwaukee, Wisconsin.

13

14

15                     Jennifer L. Stake, RDR, CRR
                     United States Official Court Reporter
16                    517 East Wisconsin Avenue, Room 324
                             Milwaukee, WI   53202
17

18                   Jennifer_Stake@wied.uscourts.gov

19

20

21

22   ELECTRONICALLY SIGNED BY JENNIFER L. STAKE
     Official Court Reporter, RDR, CRR
23   _____

24

25
```